IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BRIAN LE'SHANE THOMPSON PLAINTIFF

v. Civil No. 2:26-cv-02114-MEF

SEBASTIAN COUNTY JAIL and
NURSE STEPHANIE DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Brian Le'Shane Thompson, currently an inmate of the Sebastian County Detention Center ("SCDC") in Fort Smith, Arkansas filed this action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis* ("IFP"). The case was directly assigned to the undersigned Magistrate Judge; however, because not all parties to the action have consented to the jurisdiction of the undersigned, and at least some of Plaintiff's claims require dismissal, the Court enters its findings as a Report and Recommendation, and the case will automatically be reassigned to a United States District Judge. 28 U.S.C. § 636(c); Rule 73 of the Federal Rules of Civil Procedure, and General Order 2024-02.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A(a). Pursuant to § 1915A(a), the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

## I. BACKGROUND

Plaintiff originally filed his Complaint on July 23, 2026, along with an application to

proceed *in forma pauperis* ("IFP"). (ECF Nos. 1-2). The Court granted Plaintiff IFP status on the same day. (ECF No. 3).

In his Complaint, Plaintiff names two Defendants: (1) the Sabastion County Jail, and (2) Nurse Stephanie. (ECF No. 1). Plaintiff is a convicted inmate and is currently serving a sentence related to his conviction on March 11, 2026.

In his Complaint, Plaintiff only complains about one incident from June 11, 2026. Plaintiff states on this day, Nurse Stephanie overdosed him. Specifically, she gave him: (1) 10 mg of "Amiodipine;" (2) 100 mg of "Cozoras;" (3) 25 mg of "Lopressor;" and (4) 25 mg of "Hctz." (ECF No. 1, p. 4). Plaintiff states his normal medicine consists of only 10 mg of Lexapro and 5 mg of Olanzapine. *Id.* After the overdose, Plaintiff was sent to Baptist Hospital for observation. *Id.*

It is unclear whether Plaintiff intended to assert this claim against Defendants in their individual or official capacities because he checked both boxes on the Complaint form, but he did not allege any official capacity claims. *Id.* at 5.

For relief Plaintiff seeks compensatory damages for his pain and suffering in the amount of $30,000.00. *Id.* at 9.

## II. APPLICABLE STANDARD

Pursuant to the Prison Litigation Reform Act ("PLRA"), the Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be

false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 8.

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege that the Defendants acted under color of state law, and that the actor violated a right, privilege, or immunity secured by the Constitution. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). Furthermore, the deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under Section 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986). Lastly, Defendants must have been personally involved and caused the violation alleged. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendants, [Plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (quoting *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006)). A plaintiff's claims shall be dismissed for failure to state a claim if it appears beyond a doubt the plaintiff's complaint can prove no set of facts to support the plaintiff's purported cause of action. *See Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 740 (8th Cir. 2001).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff, however, must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. DISCUSSION

First, the Sebastian County Jail is not a proper defendant as jails are not legal entities amenable to suit. *See Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003).

Secondly, Plaintiff has failed to state a denial of medical care claim against Nurse Stephanie. In the Eighth Circuit, medical care claims are analyzed under the deliberate indifference standard of the Eighth Amendment regardless of Plaintiff's status as a pretrial detainee or convicted inmate. *See e.g., Morris v. Cradduck*, 954 F.3d 1055, 1058 (8th Cir. 2020) (pretrial detainee has the same rights to medical care under the Due Process Clause as an inmate has under the Eighth Amendment). To succeed in this type of claim, Plaintiff must demonstrate (1) that he had an objectively serious medical need, and (2) that the Defendant actually knew of, but deliberately disregarded, that serious medical need. *See Ivey v. Audrain Cty., Mo.*, 968 F.3d 845, 848 (8th Cir. 2020). "Deliberate indifference is equivalent to criminal-law recklessness, which is more blameworthy than negligence, yet less blameworthy than purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmate." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (internal quotations and citations omitted).

Here, Plaintiff has failed to allege any facts indicating Nurse Stephanie knew she was providing Plaintiff with the wrong medication, or that she recklessly disregarded whether she was providing Plaintiff with the wrong medication. The Eighth Circuit has found that a single instance of wrongly administered medication does not amount to deliberate indifference. *See Daniels v. Ferguson*, 321 F. App'x 531, 2009 WL 973500, at *1 (8th Cir. April 13, 2009) (holding the

undisputed evidence showed a negligent dispensing of medication which was insufficient to establish deliberate indifference). This district court has held the same. *See McClain v. Howard*, 2015 WL 6123063, at *9 (W.D. Ark. Sept. 21, 2015) (finding that giving an inmate the wrong medication on a single occasion at most supports a finding that the officer was negligent). Further, even gross negligence on the part of Nurse Stephanie would not amount to a constitutional violation. *See Alberson v. Norris*, 458 F.3d 762, 765 (8th Cir. 2006). Finally, Plaintiff states he was taken to the hospital after the overdose for observation. (ECF No. 1, p. 4). This indicates that if Plaintiff suffered a serious medical need after the overdose, it was not deliberately disregarded.

Since Plaintiff has failed to state a denial of medical care claim against Nurse Stephanie, he cannot maintain an official capacity claim against her employer. *See Morris v. Cradduck*, 954 F.3d 1055, 1060 (8th Cir. 2020); *Sanders v. City of Minneapolis, Minn.*, 474 F.3d 523, 527 (8th Cir. 2007).

Accordingly, Plaintiff has failed to state a claim for denial of medical care for which relief may be granted against Defendants in their individual and official capacities, and his Complaint should be dismissed without prejudice.

## IV. CONCLUSION

For these reasons, it is RECOMMENDED that the Plaintiff's Complaint (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1).

**Referral Status: Referral in this case should terminate at the filing of this Report and Recommendation.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file**

**timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 2nd day of September 2026.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE